UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                      Case No. 1:22-cr-00098-KWR-1

    -vs-

JOSE MANUEL CORONEL-SIGALA,

        Defendant.

**ORDER DENYING OPPOSED MOTION TO GRANT DEFENDANT FURLOUGH**

**THIS MATTER** is before the Court on defendant Jose Manuel Coronel-Sigala's Opposed Motion to Grant Defendant Furlough, filed on May 26, 2022.  Doc. 35.  Mr. Coronel-Sigala is seeking release from custody for ten hours on June 3, 2022, so that he can attend his deceased mother's visitation service.  *See id.* at 1.  Both the Probation Office and the United States oppose Mr. Coronel-Sigala's request.  *Id.* at 3.  The Court denies Mr. Coronel-Sigala's motion for the following reasons.

**I.**    **Background**

Mr. Coronel-Sigala was arrested on November 18, 2021, based on a criminal complaint that charged him with reentry of a removed alien, in violation of 8 U.S.C. §§ 1326 (a)(1) and (b)(2).  *See* Doc. 1.  According to the complaint, Mr. Coronel-Sigala was found in the Bernalillo County Metropolitan Detention Center because he had been arrested for possession of methamphetamine and on two failure-to-appear warrants for DWI out of Socorro, New Mexico. *Id.* at 2.  Mr. Coronel-Sigala had the opportunity for a detention hearing on November 23, 2021, but he waived his right to contest his detention.  Doc. 16.  After considering the pretrial services

report, the Court found by a preponderance of evidence that Mr. Coronel-Sigala likely would fail to appear if released. Doc. 18 at 2. The Court based its finding on the strength of the evidence against Mr. Coronel-Sigala (he had been convicted of reentry of a removed alien four times since 1999), his criminal history, his history of alcohol or substance abuse (he had multiple DWI arrests and convictions), his lack of a stable residence, his significant ties outside the United States, his lack of legal status in the United States, the fact that he would be subject to removal after serving any sentence, his prior failures to appear, his use of aliases or false documents, and his prior violations of probation. *See id.* at 2–3. Mr. Coronel-Sigala's pretrial services report showed that he has failed to appear or failed to comply with probation at least 14 times. *See* Doc. 11 at 6–13. In addition to his four convictions for reentry of a removed alien, he has been convicted of robbery, conspiracy, drinking in public, aggravated battery, attempted false imprisonment, eluding or fleeing on foot, and several DWIs or DWI-related offenses. *See id.* at 5–14.

On January 24, 2022, Mr. Coronel-Sigala pled guilty to an information charging him with reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). *See* Docs. 20, 24. He is scheduled be sentenced on June 21, 2022. *See* Doc. 34. His presentence report indicates that he is facing an advisory guideline range of imprisonment of 24 to 30 months. Doc. 31 at 17. It also shows that he has used several different aliases over the years, and two different social security numbers and birthdates. *See id.* at 2. He has been removed from the United States to Mexico six times since 1997, and he has been identified as an active member of a gang. *Id.* at 12.

## II.   Mr. Coronel-Sigala's Motion

Although Mr. Coronel-Sigala does not state the statutory authority for his temporary release from custody in his motion, the Court presumes that he is seeking release under 18

U.S.C. § 3142(i). Under § 3142(i), a judicial officer who ordered a defendant detained[1] may subsequently "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Presumably Mr. Coronel-Sigala believes that the death of his mother and the ability to attend her visitation is a "compelling reason" that would warrant his release. *See* Doc. 35.

     First, although the Court is sympathetic to Mr. Coronel-Sigala's plight, it has been unable to find any case in which a Court has found that attending a funeral is a "compelling reason" to temporarily release someone under 18 U.S.C. § 3142(i), and Mr. Coronel-Sigala has not cited any such case. *See* Doc. 35. The reality is that many defendants experience significant and even devastating losses while in custody just as they would while out of custody, but it is not obvious that § 3142(i) is meant to provide a mechanism for defendants to attend funerals. Courts typically have granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020). Recently, most cases that examine § 3142(i) have been in relation to the Covid-19 pandemic, and most courts have found that the pandemic and a particular defendant's increased risks if he or she became infected do not constitute a compelling reason for temporary release. *See, e.g.*, *United States v. Clark*, 448 F. Supp. 3d 1152, 1154–62 (D. Kan. Mar. 25, 2020); *United States v. Arvizo*, 2020 WL 6384242, *4–*5 (D.N.M. Oct. 30, 2020).

---

[1] Although Judge Yarbrough originally detained Mr. Coronel-Sigala, I accepted his plea and ordered that he remain in custody under 18 U.S.C. § 3143. *See* Doc. 25.

Second, Mr. Coronel-Sigala bears the burden of proof in showing that his temporary release is "necessary . . . for another compelling reason." *See Clark*, 448 F. Supp. 3d 1152, 1155; *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012). And the Court still must consider whether Mr. Coronel-Sigala poses either a risk of flight or a danger to the community if released, even if only for ten hours. *See Clark*, 448 F. Supp. 3d at 1157–58; *Reese*, 2012 WL 13080791, at *2. Indeed, because Mr. Coronel-Sigala already has pled guilty and is awaiting sentencing, the Court would have to find by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. *See* 18 U.S.C. § 3143.

Here, Mr. Coronel-Sigala proposes that he be released, with electronic monitoring, to his ex-wife, who will take him to the visitation and return him to the detention center the same day. Doc. 35 at 2–3. But Mr. Coronel-Sigala's motion does not address the serious risks of flight that the Court noted in its detention order, and which are further explored in both the pretrial services report and the presentence report. Mr. Coronel-Sigala has failed to appear and failed to comply with conditions of supervision many times over the years, and he knows that he will be removed from the United States after he serves his sentence in this case. He has every incentive to attempt to disappear before sentencing rather than to return. He obviously has successfully reentered the United States surreptitiously on multiple occasions, and he has used various aliases while here. He mostly is caught because of the other offenses he commits, particularly driving while intoxicated, which itself is dangerous. Further, Mr. Coronel-Sigala has not met his burden of showing that his temporary release to attend his mother's visitation is a "compelling reason" for his release under 18 U.S.C. § 3142(i). The Court will not release Mr. Coronel-Sigala under these circumstances.

### III. Conclusion

**IT IS THEREFORE ORDERED** that defendant Jose Manuel Coronel-Sigala's Opposed Motion to Grant Defendant Furlough (Doc. 35) is DENIED.

DATED this 26th day of May 2022

_____
Laura Fashing
United States Magistrate Judge